IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY REDMOND, et al.,<br><br>                   Plaintiffs,<br><br>vs.<br><br>ALFRED BIGELOW, et al.,<br><br>                   Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:13CV393DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Plaintiffs Timothy Redomond, Nick Watson, Justin Strong, George Montfort, Daniel Lassche, and Kraig Canfield's Motion for Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The court held a hearing on the motion on April 2, 2014. At the hearing, Plaintiffs were represented by Karra Porter and John Mejia, and Defendants were represented by Joni J. Jones and Kyle J. Kaiser. The court has carefully considered the materials submitted by the parties, as well as the facts and law relevant to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

      This potential class action arose out of an incident on August 3, 2011, at the Olympus Facility at the Utah State Prison, in which prison guards used ochlorobenzylidenemalononitrile ("CS gas") against an inmate who refused to leave one of the recreation yards and return to his cell. The guards released the CS gas grenade near two air vents which distributed the gas to

several cell blocks within the Olympus Facility. Plaintiffs are inmates who were in their cells at the time the CS gas was released. The Olympus Facility is a self-contained housing unit on the grounds of the Utah State Prison. It houses up to a maximum of 168 medically fragile inmates and inmates with serious mental health issues.

Plaintiffs seek to certify the following two classes: (1) the Injunctive Class, defined as "all prisoners currently incarcerated in the Olympus wing of the Utah State Prison," and (2) the Damages Class, defined as "all prisoners and former prisoners who were in their cells in the Olympus Wing of the Utah State Prison on August 3, 2011, and were thereby exposed to noxious ochlorobenzylidenemalononitrile ("CS gas")."

The Injunctive Class seeks an injunction requiring Defendants to adopt and comply with written policies regarding the deployment of chemical agents in the Olympus Facility of the Utah State Prison. The Damages Class seeks damages for harm suffered by the class from the incident on August 3, 2011.

## DISCUSSION

### Plaintiffs' Motion for Class Certification

Plaintiffs ask this court to certify two subclasses, to certify the named inmates as class representatives, and to certify their counsel as Class Counsel. There is no dispute that the ACLU and Christensen & Jensen are adequate class counsel. Therefore, the only dispute is whether the two proposed subclasses meet the requirements for certification and whether the named inmates are adequate class representatives.

Rule 23 of the Federal Rules of Civil Procedure governs class certification. Rule 23(a) provides four prerequisites that must be met for a representative party to bring an action on behalf of all members of a class: "(1) the class is so numerous that joinder of all members is

impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see also Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988).

If the prerequisites of Rule 23(a) are met, then one of the requirements of Rule 23(b) must also be satisfied in order to maintain a class action. *Id.* R. 23(b). The three requirements in Rule 23(b) include (1) whether the prosecution of separate actions by members of the class would produce inconsistent or dispositive results, (2) whether the defendant has acted or refused to act on grounds that apply generally to the class, and (3) whether the court finds that questions of law or fact common to class members predominates over questions affecting only individual members and that a class action is superior to other methods of adjudicating the controversy.

The party seeking certification bears the burden of establishing that certification is proper. *Ditty v. Check Rite Ltd.*, 182 F.R.D. 639, 641 (D. Utah 1998). For purposes of class certification, the well-pleaded facts of the Complaint are taken as true. *In re Playmobil Antitrust Litigation*, 35 F. Supp. 2d 231, 236 (E.D.N.Y. 1998). Furthermore, "[w]hen there is a question as to whether certification is appropriate, the Court should give the benefit of the doubt to approving the class." *In re Workers' Compensation*, 130 F.R.D. 99, 103 (D. Minn. 1990).

The parties dispute whether Plaintiffs have met both Rule 23(a)'s and Rule 23(b)'s requirements. The court, therefore, will address each requirement in turn.

1. **Rule 23(a) Requirements**

    *A. Numerosity*

Plaintiffs argue that the joining every member of the proposed classes, or litigating individual suits, would be impracticable. The Tenth Circuit has not adopted a specific numerical

threshold for class certification and has stated that the inquiry must be made based on the particular circumstances of the case. *Rex v. Owens*, 585 F.2d 432, 436 (10th Cir. 1978). "Satisfaction of the numerosity requirement does not require that joinder is impossible, but only that plaintiff will suffer a strong litigational hardship or inconvenience if joinder is required." *Lowery v. City of Albuquerque*, 273 F.R.D. 668, 678 (D.N.M. 2011).

"Rule 23(a)(1) is an impracticability of joinder rule, not a strict numerosity rule. It is based on considerations of due process, judicial economy, and the ability of claimants to institute suits." 1 William R. Rubenstein, Alba Conte, Herbert Newberg, Newberg on Class Actions § 3:11 (5th ed. 2011). Factors relevant in determining whether Plaintiffs have proven numerosity include "the class size, the geographic diversity of the class members, the relative ease or difficulty in identifying members of the class for joinder, the financial resources of the class members, and the ability of class members to institute individual lawsuits." *Pueblo of Zuni v. United States*, 243 F.R.D. 436, 445 (D.N.M. 2007).

The parties dispute the number of inmates at issue. The Injunctive Class is defined as all prisoners currently incarcerated in the Olympus Wing of the Utah State Prison. The facility can house a maximum of 169 inmates. Defendants question whether the current prisoners within the class would even have standing to bring this claim unless they were incarcerated on August 3, 2011. A class has standing to request injunctive relief where they complain of "officially endorsed policies" and where "there is a likelihood of recurring injury" as a result of those policies. *Deshaen E. v. Safir*, 156 F.3d 340, 345 (2d Cir. 1998). Plaintiffs allege that the policies, practices, and/or customs of the Utah State Prison allow the use of CS gas in a manner that poses a threat to the Injunctive Class. Plaintiffs allege that the gassing event occurred pursuant to prison policy and that it is substantially likely that this incident will not be an isolated

event in the Olympus Facility. As such, the proposed Injunctive Class has standing in this case.

Defendants also argue that joinder of class members is not impracticable because all the current inmates are in the same geographic area, their identifies are easily ascertainable, and they can be contacted. Plaintiffs admit that the Injunctive Class is in the same geographic area and their identities are easily ascertainable, but Plaintiffs point out that those are not the only considerations that apply. Numerosity looks at whether the Plaintiffs would suffer "a strong litigational hardship or inconvenience" if joinder is required. *Lowery v. City of Albuquerque*, 273 F.R.D. 668, 678 (D.N.M. 2011). Plaintiffs are prisoners who enjoy very little freedom in their daily lives. They are not at liberty to meet and confer with counsel without permission from Defendants. The fact that Plaintiffs are all in one place does not mean that individual suits would not be difficult.

Whether there are fifty or one hundred and fifty members of the class, the logistics of representing a large number of inmates is unquestionably difficult. Plaintiffs cannot easily communicate with counsel by email or telephone. Communication with each Plaintiff must be done through visits. In addition, Plaintiffs are not in control of their housing assignments and can be moved or released at any time. Joining each member of the proposed Injunctive Class individually is impracticable.

Moreover, the remedy requested by the Injunctive Class is requiring the prison to adhere to written policies regarding the deployment of chemical agents near ventilation systems. The nature of this remedy does not allow for the prosecution of separate claims. Such an injunction must be effective as to all of the class or none of the class. Individual remedies are not available.

The Damages Class is limited to all prisoners and former prisoners who were in their cells in the Olympus Wing of the Utah State Prison on August 3, 2011, and were thereby exposed to CS gas. Plaintiffs' alleged Eighth Amendment violations require an analysis of whether the inmate was confined under conditions posing a substantial risk of serious harm to which prison officials were deliberately indifferent, or whether force was excessive. *See DeSpain v. Uphoff*, 264 F.3d 965, 977-78 (10th Cir. 2001). *DeSpain* does not require serious harm to be shown in cases when the use of chemical agents, such as pepper spray, can be considered the use of excessive force. *Id.* at 978. In reviewing the pepper spray claim, the court expressly refused to apply the *Farmer* test and its serious harm requirement. *Id.* The court noted that the plaintiff had not alleged "any significant physical harm from the pepper spray," and instead of adopting a significant physical harm requirement, noted that "the ultimate constitutional inquiry is directed at whether an unnecessary and wanton infliction of pain has occurred." *Id.*

This case is similar to the pepper spray in *DeSpain*. The issue is whether an unnecessary and wanton infliction of pain has occurred. The members of the Damages Class did not pose any security threat when they were gassed while locked in their cells. In any event, Plaintiffs have alleged various serious injuries as a result of the gas exposure. Moreover, at this stage of the litigation, the court is looking only at Plaintiffs' allegations. The court is not weighing the merits or considering whether the claims can or will survive a qualified immunity analysis.

Defendants further contend that the named Plaintiffs indicate a wide degree of variation in the effects of the CS gas from inmate to inmate and section to section. However, there is no legal support for Defendants' contention that Plaintiffs have the burden to show that the CS gas affected inmates in each section similarly. To the extent that some prisoners in certain sections may have been exposed to higher levels of gas than others, Defendants may simply be

responsible for a greater amount of damages to those class members. The potential differences in damages do not prevent class certification. Classes certified under Rule 23(b)(3) may have "highly individualized claims or require an individualized plaintiff-by-plaintiff determination of monetary damages." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999). The important issue for class certification is that there is a common legal grievance shared by the Damages Class.

Defendants also claim that it is not impracticable to join each member of the Damages Class because Plaintiffs know each of the inmates affected, many are still in the prison system, and others are likely still on probation. However, as stated above, Defendants ignore the difficulties inherent in representing inmates. Their lack of freedom, restrictions on contact, and inability to control their location all present significant difficulties that make joinder of each member of the class impracticable. Accordingly, the court finds that Plaintiffs have demonstrated the numerosity requirement.

### B. *Commonality*

"A finding of commonality requires only a single question of law or fact common to the entire class." *Miller v. Basic Research LLC,* 285 F.R.D. 647, 654 (D. Utah 2010). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

In this case, both of the proposed classes' claims arise from the same event – the inmates' exposure to CS gas in the Olympus Facility. For the Damages Class, common issues of fact include the circumstances under which the CS gas was deployed, Plaintiffs' inability to exit their cells despite the gas exposure, delayed responses to emergency calls, and the actions taken toward the inmates. The common questions of law for the Damages Class include the proper

standard of review to apply to the claims, whether Defendants' conduct rose to the level of a deprivation of constitutional rights, and how to measure of damages.

The common issues of fact for the Injunctive Class include the current policies, practices, and customs regarding the deployment of chemical agents in the Olympus Facility and whether it is policy, practice, or custom to refuse to answer emergency calls when CS gas is deployed, to wait 20-30 minutes to allow affected prisoners to leave their cells, to refrain from providing medical treatment after exposure to CS gas, to refuse to provide medical treatment to inmates who have been harmed by the CS gas, and/or to discourage inmates from filing grievances. Common questions of law for the Injunctive Class include: whether Defendants' current policies, practices, and customs regarding the deployment of chemical agents in the Olympus Facility comply with constitutional standards and whether those policies, practices and customs create a risk of future harm to the Injunctive Class. All of the members of the Injunctive Class face the risk of future gassing if the prison's policy is not changed. Therefore, the court concludes that Plaintiffs have met the commonality requirement.

*C. Typicality*

To satisfy the typicality requirement, the named Plaintiffs must show that they "possess the same interests and suffered the same injuries as the proposed class members." *Swisher v. United States*, 189 F.R.D. 638, 640 (D. Kansas 1999). The named Plaintiffs' claims need not be identical to those of the other class members, but "must resemble the class's claims to an extent that adequate representation can be expected." *Id.* A claim is typical if it arises from the same event or course of conduct and is based on the same legal theory. *Rosario*, 963 F.2d 1013, 1018 (7th Cir. 1993).

For the Damages Class, the named Plaintiffs' claims arose from the exact same event as

the rest of the proposed class – they were locked in their cells when the CS gas went through the ventilation system. The named Plaintiffs were treated the same as the other inmates and seek damages under the same legal theories. To defeat a finding of typicality, Defendants mention the inmate who caused the gassing, however, he is explicitly not a member of the class. In addition, as stated above, slight variances on the effect of the gas on class members may be relevant for damages but they are not significant enough to defeat class certification.

For the Injunctive Class, four of the named Plaintiffs remain housed in the Olympus Facility and have claims that are exactly representative of the Injunctive Class. The named Plaintiffs face the likelihood of future harm if Defendants continue their current policies, practices, and/or customs regarding the deployment of chemical agents. The named Plaintiffs have the same interest in obtaining injunctive relief requiring Defendants to adopt and adhere to policies and procedures that would prevent unwarranted CS gas exposure.

With respect to the Injunctive Class, Defendants contend that Plaintiffs have provided no representatives who have exhausted their administrative remedies. This defense creates an irreconcilable conflict. Vicarious exhaustion has not been explicitly adopted by the Tenth Circuit. However, it requires at least one member of the class to have exhausted his or her administrative remedies. *McGoldrick v. Werhotlz*, 185 F. Appx. 741, 743 (10th Cir. June 22, 2006).

However, Plaintiff George Montfort has exhausted his administrative remedies. Thus, the exhaustion requirement is satisfied for the rest of the class. *Goldrick v. Werhotlz*, 185 Fed. Appx. 741, 743 (10th Cir. 2006). Montfort filled out a grievance form the day after the gassing incident. He gave the form to Lieutenant Zorn, who threw it away. As such, Montfort attempted to exhaust his administrative remedies but was prevented from doing so. By law, he has

9

exhausted his remedies. *Baughman v. Harless*, 142 Fed. Appx. 354, 358-59 (10th Cir. 2005) ("If prison officials prevent a prisoner from proceeding with exhaustion of administrative remedies, prison officials render that remedy unavailable such that a court will deem the procedure exhausted.").

Accordingly, the court concludes that Plaintiffs have met the typicality requirement for both proposed classes.

### D. Adequacy of Representation

The adequate representation requirement of Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." *Rutter*, 314 F.3d at 1188-89. "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members? and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

In this case, there is no reason to believe that the interests or goals of the named Plaintiffs and the class will diverge at any point. The named Plaintiffs and members of the class were harmed by the same event or face the possibility of similar harm by the same actions taken by the Utah State Prison guards and policies. The named Plaintiffs and classes share the same interest in procuring declaratory and injunctive relief.

Again, Defendants assert that the class representatives for the Injunctive Class are inadequate because they have failed to exhaust their administrative remedies. However, George Montfort has exhausted his administrative remedies. Defendants also argue that George Montfort is not an adequate representative because they did not like the answers he gave in his deposition and Defendants doubt that his current mental condition makes him capable of acting in the best interest of the class. Plaintiffs dispute Defendants' characterization that Monfort did

not answer questions appropriately at his deposition. The court does not believe that his mental illness disqualifies him or that specific answers call his role into question. Therefore, Montfort can adequately represent the Injunctive Class.

With respect to the Damages Class, Defendants state that several of the named Plaintiffs are not adequate representatives for their class because in their depositions they indicated that they do not expect to get any damages. However, testimony that a prisoner does not expect to get money out of this lawsuit does not create an irreconcilable conflict between the class representative and class members. An indication as to expectations does not indicate that the prisoner will not seek damages or believe that he is legally entitled to damages. The testimony merely states an expectation and could have been an attempt to not look greedy. The testimony shows no real conflict between the representatives and the class. Therefore, the court concludes that the named Plaintiffs are adequate representatives of the Damages Class.

## 2. Rule 23(b) Requirements

Having determined that Plaintiffs meet the prerequisites of Rule 23(a), the court must analyze whether Plaintiffs have demonstrated that they also meet one of the requirements under Rule 23(b). Plaintiffs seek certification for the Injunctive Class under Rule 23(b)(2) and certification for the Damages Class under Rule 23(b)(3).

### A. *Injunctive Class*

Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(2) certification is appropriate when "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011). Rule

23(b)(2) certification "is an especially appropriate vehicle for civil rights actions." *Coley v. Clinton*, 635 F.2d 1364, 1378 (8th Cir. 1980).

The Injunctive Class seeks an injunction that would benefit each member of the class by requiring the Utah State Prison to adopt and adhere to policies regarding the deployment and response to CS gas. The members of the Injunctive Class are inmates currently incarcerated in the Olympus Facility. The lack of action by Defendants with respect to a CS gas policy makes certification appropriate. Individual remedies are not at issue. Moreover, due to the change in the population of the Olympus Facility, which is outside of any of the named Plaintiffs' control, could make an individual Plaintiff's claim moot. However, a class defined as the current inmates of the Olympus Facility allows the action to avoid mootness concerns.

Defendants argue that the claims in this case related to the deployment of CS gas to restrain a mentally challenged prisoner is extremely fact-specific and each inmate's particular reaction to CS gas is also unique. But, the Injunctive Class seeks an injunction that would apply to each member of the class without reference to individual circumstances.

Defendants also attack certification by arguing that Plaintiffs seek an injunction directing Defendants to adopt and comply with written policies regarding the deployment of chemical agents in the Olympus Facility but they do not spell out what these polices are or how they would prevent any unconstitutional conditions. Defendants attack class certification on the grounds that the requested injunction is too vague. However, the Tenth Circuit has specifically held that plaintiffs are not required to "come forward with a finished injunction at the class certification stage." *Shook v. Bd. of County Comm'rs of El Paso*, 543 F.3d 597, 603 (10th Cir. 2008). The court concludes that Plaintiffs in this case have been sufficiently specific about the policy they seek to meet the requirements of *Shook* and Rule 65. Accordingly, the court finds that Plaintiffs

have met the requirements of Rule 23(b)(2) for certification of the Injunctive Class.

## B. Damages Class

Rule 23(b)(3) requires a showing that (1) issues common to the class predominate over those affecting individual class members; and (2) prosecuting the litigation as a class action is superior to other available methods of adjudicating the controversy.

In this case, while all of the members of the Damages Class were exposed to CS gas, there is a variance between the length of exposure and harm. Although those variance are individual differences, the vast majority of facts and law at issue in the case are common to all members of the class.

In addition, "[t]he superiority requirement is grounded in the idea that the litigation is to be carried out as efficiently and as fairly as possible for all parties." *Hillis*, 237 at 504. This requirement "directs the court's attention to 'the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to plaintiffs." *Id.* (citation omitted). "The matters pertinent to the findings [of predominance and superiority] include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against the members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." *Amchem*, 521 U.S. at 615.

A class action is the fairest and most efficient manner of litigating the claims at issue in the present case. A class action eliminates the possibility of inconsistent verdicts or results for individual plaintiffs. It also eliminates the logistical problems that would arise if all of the class members were to file individual suits or were individually joined to the present case.

Defendants improperly conflate the issues of liability and damages. The predominance requirement focuses on the issue of liability. The questions of liability in this case are common to the entire class. Damages may be individualized but that does not raise predominance concerns. In an effort to show differences, Defendants also improperly refer to the inmate who refused to go to his cell and caused the gassing incident to occur. However, as stated above that inmate is explicitly not a part of the class. The class is defined as inmates in their cells at the time. Despite individual variances, the court concludes that common liability issues predominate and a class action is the superior means for prosecuting Plaintiffs claims. Accordingly, the court concludes that Plaintiffs have met the requirements of Rule 23(b)(3) for certification of the Damages Class.

## CONCLUSION

Based on the above reasoning, Plaintiffs' Motion for Class Certification is GRANTED. The court certifies two subclasses–a Damages Class and an Injunctive Class, as defined above. The court also certifies the named Plaintiffs as class representatives, and certifies Plaintiffs' counsel as Class Counsel.

DATED this 17th day of June, 2014.

BY THE COURT:

*[signature: Dale A. Kimball]*

DALE A. KIMBALL
United States District Judge